IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN GILCHER,
)
)
    Plaintiff,
)
)
-vs-
)
   Civil Action No. 15-133
)
CAROLYN W. COLVIN,
)
COMMISSIONER OF SOCIAL SECURITY,
)
)
    Defendant.
)

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

Susan Gilcher ("Gilcher") filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on May 10, 2012, alleging a disability as of August 1, 2009. (R. 28) She bases her claim of disability on, among other things, fibromyalgia, osteoarthritis, right shoulder impairment, lumbar arthritis, cervical degenerative disc disease, arthritis and major depressive disorder. (R. 28, 30) The claims were denied initially and Gilcher received a hearing before an ALJ. (R. 45-83) Gilcher was represented by counsel at the hearing and a vocational expert testified. (R. 45-83) The ALJ denied Gilcher's claim. (R 25-44). More specifically, the ALJ concluded that Gilcher had the residual functional capacity to perform light work, with certain limitations and thus was capable of performing past relevant work as a cleaner, sander and painter. (R. 34-40)

Gilcher requested a review by the Appeals Council but such request was denied on March 27, 2015. (R. 1-4) This appeal followed. Before the Court are Cross-Motions

1

for Summary Judgment. (Docket Nos. [9] and [11]).  Both parties have filed Briefs in Support of their Motions. (Docket Nos. [10] and [12]).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is reversed and remanded.

**I. Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42

U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**II. The Parties' Motions**

The issue before me concerns the application of the treating physician doctrine and the assessment of Gilcher's credibility. In the context of a disability claim involving fibromyalgia, these two concepts are particularly intertwined.

A. <u>Credibility</u>

As stated below, the diminished weight that the ALJ assigned to the opinion of Dr. Phelps was based largely on the fact that the opinion relied on Gilcher's subjective complaints. Because the ALJ found Gilcher not entirely credible, that finding affected his analysis of the treating source's opinion. Although Gilcher challenges this aspect of the ALJ's reasoning in the context of the "treating physician rule," the ALJ's underlying credibility assessment merits separate mention.

It is well-recognized that due to its presentation primarily via subjective complaints, fibromyalgia presents distinctive issues in the disability context:

> Fibromyalgia syndrome is a common and chronic disorder characterized by widespread muscle pain, fatigue, and multiple tender points…. 'Tender points are specific places on the body – on the neck, shoulders, back, hips and upper and lower extremities, where people with fibromyalgia feel pain in response to slight pressure.' 'Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms… 'Symptoms associated with fibromyalgia include 'pain all over,' fatigue, disturbed sleep, stiffness, and tenderness occurring at eleven of eighteen focal points.

*Greenwood v. Colvin*, Civ. No. 15-93, 2016 WL 74648 at * 2 (Jan. 7, 2016), *citing*, *Henderson v. Astrue*, 887 F. Supp.2d 617, 634 (W.D. Pa. 2012).

"Because objective tests may not be able to verify a diagnosis of fibromyalgia, the reports of treating physicians, as well as the testimony of the claimant, become even more important in the calculus for making a disability determination." *Perl v. Barnhart*, 2005 U.S. Dist. LEXIS 3776, at *3 (E.D. Pa. March 10, 2005). Therefore, "in cases involving fibromyalgia, … consideration of a plaintiff's subjective complaints are given an elevated importance." *McIntire v. Colvin*, 2014 U.S. Dist. LEXIS 181227 at * 94 (N.D. W. Va. Sept. 24, 2014). An ALJ's decision "must contain specific reasons for the finding

on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Hayes v. Colvin*, 2015 U.S. Dist. LEXIS 128561 at * 8 (W.D. Pa. Sept. 24, 2015).

Here, the ALJ found Gilcher's statements "concerning the intensity, persistence and limiting effects" of her symptoms were "not credible" because the "medical records do not establish that the severity of the claimant's symptoms render her disabled." (R. 37) The ALJ then references records relating to a shoulder issue that resolved with surgery, and to the absence of records relating to mental health treatment. (R. 37) He then speaks of reports detailing degenerative changes to Gilcher's knees, lumbar and cervical spine. (R. 37) Yet the ALJ makes very little reference to Gilcher's records regarding her fibromyalgia. Dr. Hassan, a specialist (rheumatologist), diagnosed her with fibromyalgia. (R. 497-99) He prescribed medication and steroid injections for her condition. (R. 497-99) His treatment records indicate that conservative treatment approaches failed. (R. 37) Dr. Ramirez similarly identified Gilcher as having fibromyalgia, with the presence of widespread pain for at least three months, pain above and below the waistline, pain in the axial skeleton, and pain on palpitation in at least 11 of the 18 tender points. (R. 291) Further, Dr. Phelps's records confirm a finding of fibromyalgia and the treatment of Gilcher for the same. The ALJ's notation that "there was very little evidence of fibromyalgia until November 2011, and nothing persistent until 2013" in explaining his finding regarding her credibility is curious. (R. 37) The case law demonstrates, as do Gilcher's own medical records, that fibromyalgia is a diagnosis of exclusion. Thus, that it may have taken some time to diagnose her condition does

5

not negate its existence. None of her physicians suggested that she is a malingerer.

The ALJ's credibility determinations are entitled to great deference and his approach to Gilcher's credibility would not alone be grounds for remand in this matter. Because I remand on other grounds, however, as discussed *infra*, the ALJ should take the opportunity to reconsider or clarify his determination regarding Gilcher's subjective complaints. The circumstances here, taken together, call for greater specificity. I emphasize that fibromyalgia patients are neither *per se* entitled to disability benefits nor exempt from a finding of malingering; moreover, of course, constant complaints to medical providers do not equate to trustworthiness. However, it is incumbent upon adjudicators to be as clear and specific as possible when explaining their judgments as to the believability of those diagnosed with this poorly understood disorder, which has significant subjective components. This is particularly true in a case such as this one, in which the record is liberally and consistently sprinkled with recurrent visits to physicians with complaints of pain, and a fibromyalgia diagnosis from multiple treating sources.

B.  Treating Source Doctrine

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to that of a non-examining source. 20 C.F.R. § 416.927(c)(1). Additionally, the ALJ typically will give more weight to opinions from treating physicians, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as

6

consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* If a treating physician's opinion is not given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient / physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. 20 C.F.R. § 416.927(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(c)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec.*, 403 Fed. Appx. 679, 686 (3d Cir. 2010).

The ultimate issue of whether an individual is disabled within the meaning of the

Act is for the Commissioner to decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." *See* 20 C.F.R. § 416.927(d)(1), (3); *Dixon v. Comm'r. of Soc. Sec.*, 183 Fed. Appx. 248, 251-52 (3d Cir. 2006) (stating, "[o]pinions on disability are not medical opinions and are not given any special significance."). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r. of Soc. Sec.*, 529 F.3d 198, 203-4 (3d Cir. 2008).

In this case, Dr. Phelps, Gilcher's treating physician, completed a "Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities" dated March 26, 2012, in which she opined that Gilcher was incapable of completing an eight-hour workday. (R. 378-385) Dr. Phelps also completed a "medical statement regarding fibromyalgia for Social Security disability claim," in which she noted that Gilcher suffered from a history of widespread pain for three or more months; that Gilcher had pain in 11 or more pressure points; that Gilcher experienced stiffness and the sensation of swollen hands; that she had sleep disturbance and suffered from chronic fatigue. (R. 378) She limited Gilcher to working 2 hours a day. (R. 378)

The ALJ "afforded no weight to [Dr. Phelps's opinion] as her notes and the form

8

itself show that **she merely repeated the claimant's subjective complaints**." (R. 38) (emphasis added) Instead, the ALJ afforded "significant weight" to the opinion offered by Dr. Juan Mari-Mayans, a state agency physician who reviewed Gilcher's claim for benefits. Dr. Mari-Mayans explicitly rejected Dr. Phelps's opinion *because* she "**relied heavily on the subjective report of symptoms and limitations provided by the claimant**." (R. 94) (emphasis added). Thus, the ALJ's acceptance of Dr. Mari-Mayans' opinion and rejection of Dr. Phelps's opinion are both premised upon the fact that Dr. Phelps's opinion relied on Gilcher's subjective complaints of pain. Yet, as stated above, such subjective complaints of pain are given "elevated importance" in evaluating fibromyalgia. *McIntire v. Colvin*, 2014 U.S. Dist. LEXIS 181227, at * 94 (N.D. W. Va. Sept. 24, 2014).

In considering the ALJ's approach to Dr. Phelps's and Dr. Mari-Mayan's opinion, I am informed by the principles recounted *supra*, relating to fibromyalgia in particular. I am not confident, in reviewing the ALJ's Opinion that he considered the importance of subjective complaints of pain in evaluating Gilcher's claim of disability based upon fibromyalgia.

As I have done previously, "I emphasize that fibromyalgia patients are not *per se* entitled to disability benefits; moreover, of course, constant complaints to medical providers do not equate to trustworthiness." *Young v. Colvin*, 2015 U.S. Dist. LEXIS 162451 at * 9, 2015 WL 7871060 (W.D. Pa. Dec. 3, 2015). Instead, a claimant must demonstrate that she has "such a severe case of fibromyalgia as to be totally disabled from working." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996). In other words, not every fibromyalgia patient will obtain a favorable result on appeal to a district court. At

the same time, however, "it is incumbent upon adjudicators to be as clear and specific as possible when explaining those judgments of the believability of those diagnosed with this poorly understood disorder, which has significant subjective components." *Young*, 2015 U.S. Dist. LEXIS 162451 at * 9, 2015 WL 7871060.

### III. Conclusion

This matter will be remanded, so that the ALJ may reconsider the matter of the weight to be afforded the opinions of Dr. Phelps and Dr. Mari-Mayans, as well as Gilcher's credibility, in light of distinctive issues presented by fibromyalgia in the disability context.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN GILCHER,

    Plaintiff,

  -vs-                                  Civil Action No. 15-133

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 3rd day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 11) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby reversed and remanded in accordance with the accompanying Opinion.

                            BY THE COURT:

                            /s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge